UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANA DOAK,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 1:16-cv-03039-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Before the Court are Plaintiff Dana Doak's Motion for Summary Judgment, ECF No. 17, and Defendant Commissioner of the Social Security Administration's Motion for Summary Judgment, ECF No. 21. The Court also reviewed Plaintiff's reply, ECF No. 22. .Plaintiff is represented by D. James Tree, and Defendant is represented by Special Assistant United States Attorney Richard Rodriguez. The motions were heard without oral argument. For the reasons set forth below, the Court **grants** Defendant's motion, **denies** Plaintiff's motion, and **affirms** the administrative law judge ("ALJ").

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 1

## JURISDICTION & POSTURE

On February 2, 2012, Plaintiff filed a Title XVI application for Social Security Insurance benefits and a Title II application for Disability Insurance Benefits. Plaintiff alleges an onset date of May 26, 2011 for various ailments discussed in detail below.

Plaintiff's application was denied initially and on reconsideration. On March 20, 2013, Plaintiff appeared and testified at a hearing held before an ALJ. The ALJ issued a decision on May 3, 2013, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request. The Appeals Council's denial of review made the ALJ's decision the final decision of the Commissioner. Plaintiff sought review before this Court, which remanded the decision on December 3, 2014 for further administrative proceedings.

A new ALJ held a second administrative hearing on November 16, 2015, where a new vocational expert testified. In a second decision, the ALJ found Plaintiff could perform work existing in significant numbers in the national economy, and concluded Plaintiff is not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 23, 2016. The matter is before this Court under 42 U.S.C. § 405(g).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 2

42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 3

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## STANDARD OF REVIEW

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 4

interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec. of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. Plaintiff had a twenty-two year career as a data administrator. Around June 2010, Plaintiff's primary care doctor, Don Andrews, diagnosed Plaintiff with obsessive compulsive disorder, major depression, and panic disorder, and prescribed clonazepam and lorazepam. These medications lessened Plaintiff's symptoms.

In May 2011, Plaintiff was hospitalized for benzodiazepine withdrawal, after presenting at an emergency room with various psychological symptoms. He entered chemical dependency treatment and was discharged by June 2011. Through October 2011, Plaintiff's psychological, agoraphobic, and anxiety symptoms intensified. Dr. Andrews described Plaintiff's anxiety as disabling and persistent throughout the day.

Margaret Cunningham, Ph.D., evaluated Plaintiff in October 2011. She found that he suffered from many psychological symptoms, and estimated his impairment would last for at least twelve months, but probably longer. She further concluded that Plaintiff was unable to care for himself, avoided his family members, and would be unable to work. Within a few months, Plaintiff began having homicidal thoughts about his girlfriend, and his family took him into their home. In January 2012, he was diagnosed with major depressive order with psychotic features, and anxiety NOS by Crystal Larimer, Pharm. D., at Central Washington Comprehensive Mental Health. She noted several serious symptoms, and assigned Plaintiff a GAF score of 46.

Plaintiff's treatment provider at Central, Derrick Conley, M.S.W., concurred in the diagnosis of major depressive order with psychotic features in January 2012. Mr. Conley further noted suicidal ideation and insomnia on the part of Plaintiff. Mr. Conley opined that Plaintiff was unable to work.

Plaintiff's symptoms have varied over time. From February 2012 to November 2012, Plaintiff went through bouts of improved mood and crises of anxiety and depression. In November, Mr. Conley concluded that after eleven months, Plaintiff had not reached any of his treatment goals, and recommended another year of group therapy. Later appoints led Mr. Conley to the suspicion that Plaintiff suffered from bi-polar disorder. Plaintiff's general condition continued to fluctuate into October 2013, when Plaintiff was investigated by police after a *Tarasoff* [1] warning that he intended to kill people responsible for the foreclosure of his mother's house. These fluctuations continued further, into March 2015.

Mr. Conley completed a mental source statement on Plaintiff's abilities on July 27, 2015. He opined that Plaintiff is unable to maintain concentration for

---

[1] *Tarsoff v. Regents of the Univ. of Cal.*, 17 Cal. 3d 425 (Cal. 1976) (holding that mental health professionals have a duty to protect individuals who are threatened with physical harm by a patient).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 6

extended periods; maintain regular attendance; complete a normal workday and work week; and to perform consistently without unreasonable rest periods. He found marked difficulties in maintaining social function and concentration, persistence, and pace. He further opined Plaintiff would be off-task for around thirty percent of a regular work week and would miss many days of work a month.

Plaintiff eventually left his job, and his house was foreclosed upon, based on an inability to summon the wherewithal to sell it. His therapy continues.

## THE ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of May 26, 2011.

At step two, the ALJ found that Plaintiff suffers from severe impairments including affective disorder/bipolar/depression, and anxiety.

At step three, the ALJ found that Plaintiff did not meet or exceed the requirements of a listing.

The ALJ concluded that Plaintiff has the residual functional capacity to:

Perform the full range of work at all exertional levels but with the following non-exertional limitations. The claimant is able to remember, understand, and carry out instructions and tasks generally required by occupations with a Specific Vocational Preparation (SVP) Level of 1-2. He is capable of occasional, superficial interaction with the general public and occasional interaction with coworkers or supervisors. He is able to adjust to changes in a work setting generally associated with occupations with an SVP of 1-2.

ECF No. 17 at 2:6-14.

At step four, the ALJ found that Plaintiff's limitations prevent him from performing past relevant work. At step five, the ALJ found that Plaintiff could perform other work in the national economy, and concluded he is not disabled for purposes of the Social Security Act.

## ISSUES FOR REVIEW

1. Did the ALJ err in concluding that Plaintiff's symptom testimony was less than credible?

2. Did the ALJ err in weighing the medical evidence?

## DISCUSSION

1. *Did the ALJ err in concluding that Plaintiff's symptom testimony was less than credible?* Plaintiff contends that the ALJ committed error in concluding that his symptom testimony was less than fully credible. Determinations of credibility and conflicts of evidence are the realm of the ALJ. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). Regardless, ALJs must offer "specific, clear, and convincing reasons" to reject a Plaintiff's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015). In this circumstance, the specific, clear, and convincing reasons must convince the Court that it is "highly probable or reasonably certain" that Plaintiff's testimony is incredible. *Moncada-Vega v. Holder*, 718 F.3d 1083, 1090 n.5 (9th Cir. 2013). Plaintiff contests that each of the ALJ's proffered reasons for rejecting his testimony failed to meet "the most demanding standard" in Social Security law. *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). The Court evaluates each in turn.

Reason 1: Inconsistency with Daily Functioning and Activities. In his opinion, the ALJ first discredits Plaintiff's testimony as inconsistent with his daily activities. TR 23. The ALJ found that Plaintiff lends significant aid to his mother in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 8

taking care of her house less than a year after he left hospitalization and lost his job. Plaintiff also frequently attends church, volunteers, enjoys various hobbies, and partakes in various physical activities. TR 24.

Plaintiff argues that the ALJ's determination overly-relies on Plaintiff's 2012 function report, and ignores crucial details. Plaintiff points out that by February 2012 he had been attending the clubhouse, a treatment arm of Central Washington, for just two weeks. Plaintiff did admit to cooking for his mother, but could not cook for himself until he had been out of the hospital for eight months. Plaintiff further places these activities within a broader context of a waxing-and-waning cycle of Plaintiff's overall symptoms. Plaintiff states that though there are times where he can engage in those activities, there are other times where his depression keeps him isolated.

Defendant argues that when a claimant's testimony regarding limitations is inconsistent with daily activities found in the record, the ALJ may properly discredit Plaintiff's testimony. *See, e.g.*, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). This point renders Plaintiff's argument inapposite: the issue here is not that these daily activities are reflective of ability to work per se, they reflect the ALJ's conclusion that Plaintiff's testimony is inconsistent with his symptomology. There is substantial evidence in the record to support the conclusion that these activities were recent and frequent enough to allow the ALJ to discredit Plaintiff's testimony.

Reason 2: Overall Improvement of Plaintiff's Condition. The ALJ concluded that the overall improvement of Plaintiff's condition caused him to find Plaintiff's symptom testimony less than credible. The Ninth Circuit has recognized that a claimant suffering from mental illness can experience a waxing and waning of symptoms associated with depression, anxiety, and panic attacks. *Holohan v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 9

*Massanari*, 264 F.3d 1195, 1205 (9th Cir. 2001). The key is whether the symptoms still seriously "affect [Plaintiff's] ability to function in a workplace" such that he is disabled. *Id.* Against this, Defendant offers that Plaintiff's symptoms are not disabling when Plaintiff is compliant with medication and therapy, citing *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

The evidence below indicates that Plaintiff's condition has substantially improved despite some fluctuation in symptoms. Plaintiff reported consistent progress after beginning treatment in 2012, and describes participating in a growing variety of social activities. His frequency of psychiatric medical appointments decreased, and he reported success on using various drugs and through group therapy.

Plaintiff did experience an instance of decompensation and sleep loss when off his treatment. But when taking his medication again, Plaintiff resumed his steady progress. This provides further evidence that treatment has substantially improved Plaintiff's prognosis. Because there is substantial evidence in the record that Plaintiff's condition has experienced substantial improvement, the ALJ did not err in discrediting Plaintiff's testimony.

Reason 3: Lack of Support from Mental Status Evaluations, Treatment Record, and Failure to Consistently Seek Treatment. Plaintiff contends that the ALJ rejected Plaintiff's testimony because "it was not supported by his performance on mental status examinations and his treatment record." ECF No. 17 at 12:16-18. Plaintiff further states that "to find the claimant not credible the ALJ must rely on reasons unrelated to the subjective testimony . . . on conflicts between

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 10

his testimony and his own conduct, or on internal contradictions in that testimony." *Id.* at 12:20-25 (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ recognized this standard, however. As above, the ALJ's basis for finding Plaintiff incredible include inconsistencies between Plaintiff's testimony and his daily activities and measured in the evidence (a "conflict between his testimony and his own conduct"). The ALJ properly concluded that symptom exaggeration is a credibility factor, *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001), and that an examining physician's observation of inconsistency can militate against credibility, *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Indeed, The ALJ's conclusions on Plaintiff's treatment records are supported by substantial evidence in the record. An inability to follow treatment can discredit a plaintiff's complaints on those symptoms. SSR 96-7p. The ALJ summarizes several instances documenting Plaintiff's noncompliance, including engaging in activities that prevent sleep, using mind-altering drugs, and avoiding sessions with therapists.

Given the above findings and legal conclusions, there was substantial evidence allowing the ALJ to discount Plaintiff's testimony, and the ALJ gave clear and convincing reasons for doing so.

2. *Did the ALJ err in weighing the medical evidence?* Plaintiff contends the ALJ mis-weighed the evidence in this case in two ways.

A. Bradley Bastian[2], MSW. Mr. Bastian, Plaintiff's long-term social worker, opined that Plaintiff has marked and severe limitations in several domains which preclude him from work,

---

[2] Mr. Bradley Bastian and the undersigned judge are not related.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 11

An unacceptable medical source can be used to show a claimant's symptoms and the effect of those symptoms on the ability to work. 20 C.F.R. § 404.1513(d). The weight accorded to these opinions is evaluated by the same SSR 06-03p factors as medical opinions. Nonmedical opinions may be discounted for "germane reasons." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

The ALJ provided four reasons for discounting Mr. Bastian's opinion. First, the ALJ determined that Mr. Bastian's estimates were not based on clinical findings, and rather were based on Plaintiff's subjective reports. Second, the ALJ found Mr. Bastian's opinion to be inconsistent with treatment notes and with Plaintiff's stated range of daily activities.

The ALJ specifically concluded that "the opinion of marked severity is not consistent with the claimaint's treatment/progress notes [written by Mr. Bastian] reflecting substantial improvement in his symptoms and activities," TR 854, and cites discussion of these inconsistencies at TR 852. These inconsistencies are mainly based on Plaintiff's reported improvements in mood, discussed above, and are supported by substantial evidence in the record. This was a proper and germane reason for the ALJ to accord less weight to Mr. Bastian's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Additionally, these inconsistencies allowed the ALJ to discredit the subjective components of the treatment notes so far as they were inconsistent with Plaintiff's ultimate ability to work. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Any conclusion giving little weight to Mr. Bastian's opinion solely for the reason that he is not an acceptable medical source would be inappropriate. ECF No. 17 at 17:17-22. However, as discussed above, the ALJ offered several germane reasons to grant little weight to the opinion, which are supported by the law and by substantial evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 12

B. 2011 and 2012 opinions. Dr. Don Andrews and Dr. Margaret Cunningham completed disability assessments on Plaintiff's short-term disability application. Their reports were completed from Mid-2011 through early 2012, and opined that Plaintiff is unable to work. The ALJ afforded their opinions little weight, finding that they were largely based on self-reporting, subjective factors; were inconsistent with performance at the consultative examination; and that the opinions were vague, conclusory, and did not discuss specific vocational capacities or limitations.

These findings satisfy the ALJ's duty to set out a thorough summary of conflicting clinical evidence, interpret it, and make findings. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Further, the ALJ was required to provide "specific and legitimate reasons" supported with substantial evidence to reject a treating doctor's contradicted opinion. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). The Court concludes that the ALJ did so.

As discussed above, an ALJ may afford less weight to a medical opinion when it is based on self-reports found less credible. *Tommasetti*, 533 F.3d 1041. The ALJ did so here. The ALJ also considered these doctors' opinions on whether the Plaintiff could work, despite the lack of discussion of particular vocational limitations, and rejected those conclusions based on an independent review of the clinic evidence. This rejection was also based partly on the consultative examination which did discuss particular vocational abilities and skills. TR 854.

Additionally, Plaintiff has, since the time of those reports, started taking medication and presented a longitudinal improvement in mood and symptomology.

## CONCLUSION

The Court concludes that the ALJ properly evaluated claimant's testimony and properly weighed the medical opinions. There is "more than a mere scintilla"

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 13

of evidence for the ALJ's conclusions, *Perales*, 402 U.S. 401, such that a "reasonable mind might accept as adequate to support" them. *Richardson*, 402 U.S. at 401. Because one rational interpretation of the evidence supports the decision of the administrative law judge, the decision must be upheld. *Batson*, 359 F.3d at 1193. Substantial evidence based on the record supports the opinion of the ALJ, and the Court **affirms** the opinion.

Accordingly**, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 21, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

3. The decision of the Commissioner denying benefits is **AFFIRMED**.

4. The District Court Executive is directed to **ENTER** a judgment in favor of Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** this 24th day of March, 2017.



                    Stanley A. Bastian
                    United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY . . . ^ 14